UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES

V.                                        04-10365-GAO

STEVEN P. SABLE

DEFENDANT'S AMENDED EMERGENCY MOTION FOR REVIEW OF ORDER OF
DETENTION AND TO ESTABLISH CONDITIONS OF RELEASE

Defendant Steven P. Sable, by his attorney, moves that this Court review the order of

detention of the Central District of California and thereafter establish conditions of pre-trial

release.

On January 19, 2005, Mr. Sable appeared in the District Of Massachusetts following his

arrest and detention in the Central District of California.

Since that date, Mr. Sable has been detained at Plymouth County Correctional Facility.

Mr. Sable's medical condition at the time of his detention, and continuing to his initial

detention at PCCF included heart disease and diabetes for which he was taking as many as

fifteen (15) prescription medications.

During the period of detention at PCCF, Mr. Sable's medical condition changed, and

worsened, due to a combination of factors including, on information and belief, failure of PCCF

medical personnel to properly monitor and maintain his medications, failure to provide proper

diet for his diabetes.  Mr. Sable lost over 40 pounds between January 19 and mid March, 2005.

In mid March, Mr. Sable was found unconscious in his cell.  He was taken to Jordan

Hospital and remained in patient for approximately seven days.  Mr. Sable has been informed,

and therefore believes, that his condition resulted from his being given high doses of certain

medications at a time when his blood chemistry did not require the medication causing him to experience kidney failure.

Mr. Sable now requires dialysis treatment three times per week, four hours per treatment. Dialysis treatment is provided at Gambro Health Care facililty, Plymouth, Massachusetts.

Additionally, Mr. Sable receives ongoing medical treatment at Jordan Hospital.

Since mid March, 2005, Mr. Sable has had two invasive surgical procedures installing two different catheter tubes.

Mr. Sable is awaiting laboratory results of a kidney biopsy removed last week.

Since the onset of his medical treatments, Mr. Sable has been detained in the medical unit at PCCF. Mr. Sable relates that he is in de facto solitary confinement. He relates that he is in a room with glass walls, no television, no newspapers, few reading materials, no contact with other inmates or detainees. Moreover, the medical staff is both male and female, and that his toilet and showering is not conducted in privacy.

The government initially sought detention on grounds of risk of flight. The government has recently related to defense counsel that it continues to oppose pretrial release on the grounds of risk of flight.

Defense counsel submits that Mr. Sable's current medical condition and status, which did not exist at the time of his arrest and initial detention, is a marked change of circumstances militating against continued detention. It is beyond comprehension how a man who now requires dialysis treatment three times per week for four hours per session in order that he not die, presents a risk of flight for which conditions of pretrial release cannot be set.

Mr. Sable proposes the following conditions of release:

1.      Maintain residence with his wife, Nancy Sable, at her apartment at 17172 Bolsa

        Chica Street, #43, Huntington Beach, California, 92649;

2.      Report by telephone to local pretrial services office;

3.      Restrict travel to the District of California and District of Massachusetts;

4.      Unsecured appearance bond (defendant is indigent and without funds to post as

        bond);

5.      Abide by standard conditions of pretrial release.

Defense counsel communicated with Nancy Sable on April 8, 2005 and she relates that

she has an apartment at the above address, willingly will allow her husband to reside with her,

and will do whatever is necessary to assist him to receive proper medical treatment.

On April 4, 2005 defendant filed "Defendant's Motion For Court Ordered Transfer To

Federal Medical Center".

On April 8, 2005 defendant filed "Defendant's Emergency Motion For Review Of Order

Of Detention And To Establish Conditions Of Release".

The instant motion amends the relief previously requested in the following specifics:

Mr. Sable's primary request is for release from pre-trial detention and that the Court

establish reasonable conditions of release.

Alternatively, and only if the Court fails to establish reasonable conditions of release, Mr.

Sable withdraws his requests for a court ordered transfer to FMC, Devens or any other FMC

facility.  This amended requested is made by counsel after direct and in person conversation with

Mr. Sable on April 10, 2005.  Mr. Sable believes that the only reason he is still alive is because

the physicians and medical personnel at Jordan Hospital and Gambo Health Care are properly

treating him, and more importantly are reviewing the medical treatment - especially medications

- that he is provided inside PCCF.  As recently as this past week, the medications he was

receiving at PCCF were reviewed at Jordan Hospital, determined to be wrong and were changed.

Mr. Sable has great fear that if he is moved to another prison facility he will be treated by

medical personnel less familiar with his condition than his current treatment team at Jordan

Hospital and that he will again be at greater risk of death.

      For all the above stated reasons, Mr. Sable requests that this Court establish reasonable

conditions of pretrial release.  If release is not granted, Mr. Sable withdraws his previous

requests for transfer to FMC, Devens or any other FMC of the Bureau of Prisons.


            STEVEN P. SABLE
            By his attorney,


            /s/ Elliot M. Weinstein
            Elliot M. Weinstein
            BBO #520400
            228 Lewis Wharf
            Boston, MA 02110
            617-367-9334

April 10, 2005