UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) ) | |
| STEVEN P. SABLE, | ) ) | CRIMINAL NO. 04-10365-GAO |
| Defendant. | ) ) | |

**GOVERNMENT'S EMERGENCY
MOTION TO SERVE TRIAL SUBPOENA**

The United States hereby moves pursuant to Fed. R. Crim. P. 17(c) for leave to serve a trial subpoena on Metro Van Lines ("Metro"), 31 Union Avenue, Sudbury, Massachusetts. As grounds for this motion, the United States says the following:

Fed. R. Crim. P. 17(c), which addresses subpoenas, provides, in pertinent part, "[t]he court may direct the witness to produce the designated items in court before trial . . . ." The United States requests leave of court to serve a trial subpoena on Metro even though no trial date has yet been scheduled for this matter.

The United States has learned from Lani Loder ("Loder"), an employee at Metro, 31 Union Avenue, Sudbury, Massachusetts that Metro is now in possession of items Defendant Steven P. Sable (the "Defendant") placed into a storage vault in or about October 2000. See Affidavit of Special Agent Kristin Koch ("Koch Aff."), attached hereto at Tab 1, ¶ 2.

These items were previously in the possession of Atra Van Lines ("Atra"), which had provided a list of the items currently in storage. See Koch Aff. at ¶ 2, Tab A. Item number 7 on the list is a computer. Also listed are various boxes noted to contain either books or miscellaneous items. Metro is currently in possession of these items. See Koch Aff. at ¶ 2.

In December 2004, Loder informed SA Koch that the Defendant had not paid Metro several thousand dollars in storage fees; and that Metro had not yet sent out notification to the Defendant that Metro would be putting the items up for auction. See Koch Aff. at ¶ 3. Loder also informed SA Koch that she would notify SA Koch if and when Metro was going to put the items up for auction. See Koch Aff. at ¶ 3.

Recently, Loder informed SA Koch that Metro will be auctioning the Defendant's items on July 27, 2005. See Koch Aff. at ¶ 4. She also informed SA Koch that the items were ready for auction because the Defendant failed to respond to any of the notification letters that were sent out. See Koch Aff. at ¶ 4. Loder also informed SA Koch that the auction will be for the entire contents of the vault; and that Metro does not auction the items within the vault separately. See Koch Aff. at ¶ 4. Loder stated that, in her experience, the contents of the vaults are always purchased at auction. See Koch Aff. at ¶ 4. She also stated that, sometimes, the purchasers will leave individual items behind in the vault. See Koch Aff. at ¶ 4. She said that, when that happens, Metro will then dispose of the items. See Koch Aff. at ¶ 4.

Loder also informed SA Koch that Metro would not place the items up for auction on July 27, 2005 if Metro received a subpoena for the items. See Koch Aff. at ¶ 5. The United States seeks to have a subpoena issued, substantially in the form attached hereto at Tab 2, so that the contents can be produced and, to the extent any relevant evidence exists in the storage vault, it can be obtained and preserved. The attached subpoena calls for a return date of August 22, 2005, which will minimize the impact of the subpoena on Metro's property interest in the contents of the storage vault and its interest in selling the contents at auction. Moreover, although the subpoena calls for production of the contents at the courthouse, the United States

proposes that Metro and the United States arrange for a mutually agreeable time and place for production. A draft letter proposing such an arrangement is also attached to the subpoena at Tab 2.

WHEREFORE, the United States requests that the Court grant the United States leave to serve a trial subpoena on Metro for the contents of the storage vault discussed above and that the date of the subpoena call for delivery of the contents at a date prior to trial.

          MICHAEL J. SULLIVAN
          United States Attorney


          **/s/ Jack W. Pirozzolo**
          Jack W. Pirozzolo
          Assistant U.S. Attorney
          U.S. Attorney's Office
          U.S. Courthouse, Suite 9200
          1 Courthouse Way
          Boston, MA 02210

Date: July 22, 2005

## CERTIFICATE OF SERVICE

I, Jack W. Pirozzolo, hereby certify that on July 22, 2005, I served a copy of the foregoing by electronic filing on counsel for the defendant.

          **/s/ Jack W. Pirozzolo**
          Jack W. Pirozzolo

AFFIDAVIT

1. I, Kristin D. Koch, am a Special Agent of the Federal Bureau of Investigation and have been so for two years. I am the case agent for the investigation of STEVEN P. SABLE ("SABLE"), currently in custody at the Plymouth County Correctional Institution in Massachusetts. SABLE is currently under indictment for mail, wire and securities fraud. That matter is docket number 04-cr-10365-GAO.

2. During the course of my investigation of SABLE, I have spoken to Lani Loder ("Loder"), an employee at Metro Van Lines ("Metro"), 31 Union Avenue, Sudbury, Massachusetts. Loder has informed me that Metro is the successor to Atra Van Lines ("Atra"). Loder has also informed me that Metro is now in possession of items SABLE placed into a storage vault with Atra in or about October 2000. Atra had previously provided to investigators a list of the items currently in storage. That list is attached hereto at Tab A. Item number 7 on the list is a computer. Also listed are various boxes noted to contain either books or miscellaneous items. Metro is currently in possession of these items.

3. In December 2004, Loder informed me that SABLE had not paid Metro several thousand dollars in storage fees; and that Metro had not yet sent out notification to SABLE that Metro would be putting the items up for auction. Loder also informed me that she would notify me if and when Metro was going to put the items up for auction.

4. Recently, Loder informed me that Metro will be auctioning SABLE's items on July 27, 2005. She also informed me that the items were ready for auction because SABLE failed to respond to any of the notification letters that were sent out. Loder also informed me that the auction will be for the entire contents of the vault; and that Metro does not auction the items within the vault separately. Loder stated that, in her experience, the contents of the vaults are always purchased at auction. She also stated that, sometimes, the purchasers will leave individual items behind in the vault. She said that, when that happens, Metro will then dispose of the items.

5. Loder also informed me that Metro would not place the items up for auction on July 27, 2005 if Metro received a subpoena for the items.

Signed under the pains and penalties of perjury,

_Kristin D. Koch_
Kristin D. Koch

Dated: July 21, 2005

# ATRA VAN LINES
1-800-883-7265

NO. OF PAGES: ATRA VAN
CARRIER'S REFERENCE NO.: AA1126
CONTRACT OR GBL. NO.: 25148
GOVT. SERVICE ORDER NO.: —
VAN NUMBER: 102

OWNER'S GRADE OR RATING AND NAME: STEVEN SABLE
ORIGIN LOADING ADDRESS: 20 PARK PLAZA, BOSTON, MA
DESTINATION: ATRA STORAGE MA

| ITEM NO. | CR. REF. | ARTICLES | CONDITION AT ORIGIN | SHIPPER CHECK DEST ✓ | EXCEPTIONS (IF ANY) AT DESTINATION | ITEM NO. |
|---|---|---|---|---|---|---|
| 1 | CP | FILE CABINET | SC, 10, 36, ) | | | 1 |
| 2 | CP | PRINTER STAND | SC, 10, 8, 7, 5, ) | | | 2 |
| 3 | CP | SHELF | SC | | Lot No. AA1126 000 ATRA VAN LINES | 3 |
| 4 | PBO | STAND | | | | 4 |
| 5 | CP | DESK SM | SC | | | 5 |
| 6 | CP | DESK LG | SC | | | 6 |
| 7 | CP | CPU | MCU | | | 7 |
| 8 | PBO | BOX MISC | | | | 8 |
| 9 | PBO | BOX MISC | | | Lot No. AA1126 000 ATRA VAN LINES | 9 |
| 10 | CP | BOOK BOX | | | | 0 |
| 11 | " | ( " " ) | | | | 1 |
| 12 | CP | BOOK BOX | | | | 2 |
| 13 | CP | CHINA BOX | | | | 3 |
| 14 | " | " " | | | | 4 |
| 15 | CP | CHINA BOX | | | | 5 |
| 16 | CP | BOOK CASE TOP | SC, 10, 13, 14 | | | 6 |
| 17 | CP | BOOK CASE TOP | SC, 10, 13, 14 | | | 7 |
| 18 | PBO | CUT PAPER BASE | | | | 8 |
| 19 | CP | BOOK CASE | | | | 9 |
| 20 | CP | BOOK BASE | | | | 0 |
| 21 | CP | BOOK CASE BASE | | | | 1 |
| 22 | PBO | FILE CABINET | | | | 2 |
| 23 | PBO | CHAIR | BR, BACK | | | 3 |
| 24 | PBO | CHAIR | SC | | | 4 |
| 25 | PBO | BOX GARAGE | | | | 5 |
| 26 | CP | PRINTER MACHINE | | | | 6 |
| 27 | PBO | FILE CABINET | SC | | | 7 |

Lot No. AA1126 028 ATRA VAN LINES
Lot No. AA1126 029 ATRA VAN LINES
Lot No. AA1126 030 ATRA VAN LINES

REMARKS/EXCEPTIONS: BOSTON STG

TAPE LOT NO.: AA1126
TAPE COLOR: WHITE
NOS. FROM: 01 THRU: 27

AT ORIGIN:
CONTRACTOR, CARRIER OR AUTHORIZED AGENT (DRIVER) (SIGNATURE): [signature]
DATE: 10/24/00
OWNER OR AUTHORIZED AGENT (SIGNATURE): S/ SABLES

AT DESTINATION:
DATE: 2/26/00

BIN PRINTING INC., 1290 MOTOR PARKWAY, ISLANDIA, NY 11749 (631) 582-8900
FORM 1190-S REV. 5/99



U.S. Department of Justice

**Michael J. Sullivan**
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

July 22, 2005

**BY HAND**
Lani Loder
Metro Van Lines
31 Union Avenue,
Sudbury, MA 01776

    **Re: Steven P. Sable**

Dear Ms. Loder:

    Attached is a trial subpoena for the production of the contents of the storage vault related to Steven Sable.  In lieu of appearing at the courthouse, please contact Special Agent Kristin Koch at 617-742-5533 to arrange for a mutually agreeable time and place for production.  If you have any questions, please feel free to call Special Agent Kristin Koch or me at 617-748-3100.

    Thank you for your consideration.

                                      Very truly yours,

                                      MICHAEL J. SULLIVAN
                                    United States Attorney

                  By: _____
                        JACK W. PIROZZOLO
                        Assistant U.S. Attorney

AO89 (Rev. 7/95) Subpoena in a Criminal Case

# UNITED STATES DISTRICT COURT

DISTRICT OF **MASSACHUSETTS**

UNITED STATES OF AMERICA

V.

STEVEN P. SABLE

**SUBPOENA IN A CRIMINAL CASE**

Case Number: 04-10365-GAO

TO: LANI LODER
METRO VAN LINES
31 UNION AVENUE
SUDBURY, MASSACHUSETTS

☒ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below, or any subsequent place, date and time set by the court, to testify in the above referenced case. This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

| PLACE UNITED STATES DISTRICT COURT<br>JOHN JOSEPH MOAKLEY U.S. COURTHOUSE<br>1 COURTHOUSE WAY<br>BOSTON, MA  02210 | COURTROOM No. 9<br>3RD FLOOR |
|---|---|
| | DATE AND TIME MONDAY,<br>AUGUST 22, 2005<br>9:00 A.M. |

☒ YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):

SEE ATTACHED SCHEDULE A

Witness travel & reimbursement instructions are attached. Call Witness Coordinator Amy Jones at (617) 748-3153 if you have any questons. For after business hour emergencies, please call (617) 748-3100. (SEE ADDITIONAL INFORMATION ON REVERSE SIDE)

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT<br>SARAH A. THORNTON<br>(By) Deputy Clerk | DATE<br>JULY 22, 2005 |
|---|---|

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER: JACK W. PIROZZOLO
Assistant U.S. Attorney
John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Ste. 9200
Boston, MA  02210 (617/748-3100)

AO110 (Rev. 12/89) Subpoena to Testify Before Grand Jury

| | RETURN OF SERVICE (1) | |
|---|---|---|
| RECEIVED BY SERVER | DATE | PLACE |
| SERVED | DATE | PLACE |
| SERVED ON (PRINT NAME) | | |
| SERVED BY (PRINT NAME) | | TITLE |

| STATEMENT OF SERVICE FEES | | | |
|---|---|---|---|
| TRAVEL | SERVICES | TOTAL | 0.00 |

DECLARATION OF SERVER (2)

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

ADDITIONAL INFORMATION

ALL AIRLINE TRAVEL ARRANGEMENTS MUST BE MADE THROUGH THE U.S. ATTORNEY'S OFFICE IN BOSTON, MA TO INSURE REIMBURSEMENT OF EXPENSES.

(1) As to who may serve a subpoena and the manner of its service see Rule 17(d), Federal Rules of Criminal Procedure, or Rule 45(c), Federal Rules of Civil Procedure.

(2) "Fees and mileage need not be tendered to the witness upon service of a subpoena issued on behalf of the United States or an officer or agency thereof (Rule 45(c), Federal Rules of Civil Procedure; Rule 17(d), Federal Rules of Criminal Procedure) or on behalf of certain indigent parties and criminal defendants who are unable to pay such costs (28 USC 1825, Rule 17(b) Federal Rules of Criminal Procedure)".

SCHEDULE A

TO:  METRO VAN LINES
     31 UNION AVENUE
     SUDBURY, MASSACHUSETTS

   The contents of the storage vault referenced in the attached list, including, without limitation, all computer equipment and documents.