**FEDERAL DEFENDER OFFICE**
DISTRICT OF MASSACHUSETTS
408 ATLANTIC AVENUE, 3RD FLOOR
BOSTON, MASSACHUSETTS 02110

TELEPHONE: 617-223-8061
FAX: 617-223-8080

November 10, 2005

<u>Filed Electronically</u>

Hon. Leo T. Sorokin
U.S. Magistrate-Judge
c/o Maria Simeone
Deputy Clerk
U.S. District Court
One Courthouse Way
Boston, MA 02210

       Re: United States v. Steven P. Sable
       <u>Criminal No. 04-10365-GAO</u>

Dear Judge Sorokin:

     In accordance with the Court's instructions at the hearing held on November 8, 2005, I have discussed potential conditions of release with both AUSA Pirozzolo and Pretrial Services Officer Thomas O'Brien.

     While Mr. Pirozzolo continues to oppose release, he agrees with me and Pretrial Services Officer O'Brien that, if released, the following conditions would be appropriate:

     1. Mr. Sable would be subject to home confinement, with electronic monitoring, to be modified as necessary to accommodate medical treatment and employment, when and if obtained.

     2. Mr. Sable would seek and maintain employment, subject to the approval of Pretrial Services.

     3. Mr. Sable would be required to submit a monthly financial statement, of the type used to monitor defendants on probation or supervised release.

     4. Mr. Sable would be prohibited from making any purchase or engaging in any financial transaction, apart from necessary medical expenses, in an amount that exceeds $200, without prior approval of Pretrial Services.

FEDERAL DEFENDER OFFICE

      5.   All other standard conditions of pretrial release would be imposed.

      Mr. Pirozzolo proposes that Mr. Sable's travel be restricted to the county in which he resides, and any contiguous counties, and to Massachusetts to the extent necessary for court appearances and meetings with counsel. Undersigned counsel proposes that travel be restricted to the federal judicial district in which Mr. Sable resides, and Massachusetts, when necessary to meet with counsel and/or appear in court.

      I have looked into the availability of dialysis treatment. Mr. Sable has been receiving such treatment from Gambro Healthcare Services, which was acquired by another company, DaVita, last month. The website for DaVita, www.davita.com, lists a location in Huntington Beach, California, where Mr. Sable would reside upon release, as well as several in Boston. The homepage for DaVita includes a link that invites patients to seek treatment at any of its centers while traveling. Thus, it appears that Mr. Sable would be able to easily arrange for care while in the Boston area for court appearances.

      Finally, Mr. Pirozzolo and I agree that, if the Court orders Mr. Sable's release, that order would be stayed initially for seven business days, to allow the government an opportunity to decide whether it wishes to appeal. The government would inform the Court of its decision within those seven days. If the government notifies the Court that it will not appeal, the stay would be dissolved and the release order would take effect. If the government notifies the Court that it intends to appeal, I propose that the stay would be extended for an additional three business days, during which time the government would have to file its appeal and seek a further stay from Judge O'Toole. Mr. Pirozzolo requests that, once the government files its appeal, the stay be extended until Judge O'Toole decides the appeal. I oppose such an open-ended stay.

                                                   Respectfully,

                                                   /s/ Miriam Conrad

                                                 Miriam Conrad

MC:lhd

cc: AUSA Jack Pirozzolo
    Elliot Weinstein, Esq.
    Pretrial Services Officer Thomas O'Brien